UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **ROBERT GARCIA,** § | | |
| **TDCJ ID No. 791939; SID No. 2422079** § | | |
| **Previous TDCJ ID No. 442633,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | | **CIVIL ACTION NO.** |
| § | | **1:05-CV-231-BI** |
| **JEFF JONES,** § | | **ECF** |
| § | | |
| **Defendant.** § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 on December 15, 2005, alleging that his rights under the Eighth Amendment to the United States Constitution were violated by staff members at the French Robertson Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ") who forced him to carry in excess of 45 pounds of his personal property during a shakedown in violation of his medical restrictions. Plaintiff consented to having the United States Magistrate Judge conduct any and all proceedings in this matter pursuant to 28 U.S.C. § 636(c) (Doc. 6). On March 22, 2006, the court held an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915. Plaintiff appeared at the hearing and testified in his own behalf.

On November 15, 2006, the court entered an Order to Dismiss in Part with Prejudice and Order to File Answer or Other Responsive Pleading (Doc. 15). Defendant filed his answer on January 29, 2007 (Doc. 19). The court entered a Scheduling Order on February 1, 2007 (Doc. 22), setting forth various deadlines in this matter. However, the copy of the scheduling order, sent to

Plaintiff's last know address, was returned on February 9, 2007 (Doc. 23).  The court issued an Order to Show Cause on February 14, 2007 (Doc. 24), finding that Plaintiff had severed contact with the court and ordering Plaintiff to file a response showing cause why his complaint should not be dismissed and to file written notice of his current mailing address with the clerk of the court within 15 days of the entry of such order.  On February 20, 2007, the copy of the Order to Show Cause, sent to Plaintiff at his last known address, was returned as undeliverable and again indicating that Plaintiff had been released (Doc. 25).

It appears that Plaintiff has moved without advising the court of his new address, as required by LR 83.13 and LR 83.14 of the Civil Local Rules of the District Court for the Northern District of Texas, which require that a *pro se* party, like an attorney, must apprise the court of any address change.  The court finds that Plaintiff has severed contact with the court.

Plaintiff's failure to comply with the court's orders or local rules or with FEDERAL RULE OF CIVIL PROCEDURE 41(b), which provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court," demonstrates a manifest lack of interest in litigating his claims.  The court finds that Plaintiff's severance of contact with the court demonstrates a manifest lack of interest in litigating his claims.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties.  *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).

In this case Plaintiff failed to file a written notice of his current mailing address with the clerk of the court and failed to file a response to the Order to Show Cause demonstrating good cause for his failure to appear and showing why his complaint should not be dismissed.  Plaintiff has had

-3-

no contact with the court since at least March 22, 2006. In the Order to Show Cause, the court notified Plaintiff that failure to comply would result in dismissal of his complaint without prejudice. Plaintiff has severed contact with the court, demonstrated a manifest lack of interest in prosecuting his claims, and has failed to comply with the orders of the court and the rules of the court.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint filed December 15, 2005, is **DISMISSED WITHOUT PREJUDICE.**

A Judgment in accordance with this Order of Dismissal shall be entered forthwith.

The clerk shall mail a copy of this order to Plaintiff at his last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

Dated this 16th day of March, 2007.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**